UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CALVIN S.[1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CIVIL NO. 1:21cv314 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income under Title XVI of the Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2021.

2

2. The claimant has not engaged in substantial gainful activity since December 13, 2017, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: chronic pain syndrome, radiculopathies, fibromyalgia, facet arthropathy, degenerative changes and disc disease of the spines [sic], right knee meniscal tear as of February 2019 (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 13, 1986 and was 31 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 13, 2017, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 76-88).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on February 8, 2022.  On April 19, 2022 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on May 9, 2022. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled.  *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred in his RFC assessment.  Plaintiff contends that the ALJ erred by not including his need for a cane in the hypothetical posed to the VE and in the RFC.  In February of 2019, Plaintiff was prescribed crutches after a fall on the ice

caused a "medial meniscal tear." (Tr. 622, 731). In May 2019, Ortho Northeast recommended Plaintiff use a right hinged knee brace for "weakness, ambulation, and pain relief." (Tr. 689). At the Functional Capacity Evaluation in September 2020, Kelly Jacobs, PT stated that Plaintiff had modified independent mobility with a straight cane for household distances. (Tr. 30). Ms. Jacobs noted under "medical equipment" that Plaintiff uses a knee brace and a straight cane. *Id*. Ms. Jacobs additionally noted that Plaintiff transfers from sit to stand with a cane and upper extremity support, and that Plaintiff could walk up to 150 feet in the clinic "with straight cane and with deficits including decreased step length, stride length, heel strike, cadence, and trunk dissociation." (Tr. 35-36). In conclusion Ms. Jacobs noted, "It is my professional opinion and recommendation his physical demand classification be sedentary. Furthermore, it is recommended [Plaintiff] follow the stated general and strength work demands, as well as obtain a walker to assist with balance." (Tr. 37). In a fall risk evaluation, Plaintiff's gait was described as "weak," with a mobility aid needed. (Tr. 54).

  The ALJ specifically questioned Plaintiff about the frequency and need of his cane use during the hearing. (Tr. 24-25). Despite this, Plaintiff's need for a cane was not included in any of the hypotheticals given to the VE. (Tr. 154). This Court agrees with Plaintiff that his need for a cane should have been included in the hypothetical given to the VE and also included in the RFC. Thus, remand is warranted on this issue.

  Plaintiff also argues that the ALJ failed to account for his mental limitations in the RFC. The ALJ found Plaintiff capable of a "full range of sedentary work." (Tr. 80). The ALJ found only "mild" limitations in interacting with others and concentrating, persisting, or maintaining pace. (Tr. 77). Plaintiff has been diagnosed with, and continually treated for, generalized anxiety.

5

(Tr. 588). In June of 2018 Plaintiff was seen in the ER with shortness of breath and chest pain. (Tr. 588). He was diagnosed as having an anxiety attack. (Tr. 590). In October of 2018 Plaintiff was assessed as having another anxiety attack as well as delusions, after telling his provider he had a "meeting with the mayor and senators, and thinks that the State of India wrongly convicted him 8 years ago." (Tr. 604, 606-07). Plaintiff has been treated with a variety of medications to help with his mental illness, including Lexapro, Fluoxetine, Prozac, and Xanax. (Tr. 588, 593, 604, 606).

The state agency consultative psychologist, Dr. Predina, stated that Plaintiff's "ability to sustain his concentration and persistence appeared to be impaired. He would likely have a few problems being able to concentrate and persist on his job responsibilities…[Plaintiff] appears to be experiencing symptoms consistent with Generalized Anxiety Disorder. He may struggle to get along with his supervisors and coworkers due to his mental health issues." (Tr. 674). Dr. Predina additionally stated, "[Plaintiff's] affect was flat. His mood suggested feelings of anxiety. His behavior did not suggest difficulties with hyperactivity. His ability to sustain his concentration and persistence appeared to be impaired." (Tr. 672).

At the hearing, Plaintiff testified that he has "real bad" anxiety, and his anxiety is one of the things that prevents him from working. (Tr. 129, 147). Plaintiff further stated that he does not like to be around people because he is "always irritated and in pain," and that he pays attention until he "gets frustrated." (Tr. 343).

The ALJ found Dr. Predina's assessment "not persuasive" stating that the limitations identified by Dr. Predina "stand alone." (Tr. 79). However, the ALJ did not discuss Plaintiff's multiple diagnoses of "panic attacks," nor the assessment of his "delusions." The ALJ states that

6

Plaintiff's mental disorder "does not appear to be the focus of treatment," and that Plaintiff has not consistently sought outpatient treatment. (Tr. 79). However, Plaintiff had multiple visits to the ER due to panic attacks/anxiety and was consistently treated by providers with a variety of medications to help manage his mental illness.

The ALJ found that Plaintiff had only "mild" limitations in his mental functioning, and did not include any mental limitations in the hypothetical posed to the VE. However, Dr. Predina's assessment is consistent with Plaintiff's symptoms and treatment, as supported by the medical record. By failing to include Plaintiff's mental limitations in the RFC the ALJ failed to build a logical bridge from the evidence to the conclusion. *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014). Thus, remand is warranted on this issue.

Plaintiff further contends that the ALJ erred by failing to incorporate his neck limitations into the RFC. After a motor vehicle accident in 2017, Plaintiff had significant back and neck issues. A 2018 MRI showed mild to moderate multilevel disc, uncovertebral and facet degenerative changes of the cervical spine, and multilevel foraminal narrowing "up to severe in degree." (Tr. 716).

At the hearing before the ALJ, Plaintiff testified that it is uncomfortable for him to look down. (Tr. 135). He stated that he gets a sharp pain if he turns his neck too much. (Tr. 119). Plaintiff also noted that the pain from his neck goes into his arms and causes numbness and tingling in his hands, and that if he turns his neck too much he gets a shooting pain in his arms and down to his fingers. (Tr. 131-32).

In December 2017, Dr. Frayer limited Plaintiff to no bending over and no lifting over 20 pounds. (Tr. 423). Pain management visits have noted Plaintiff's range of motion in his neck and

7

lumbar spine as "limited due to stiffness, limited in all directions." (Tr. 692, 697, 701). Neck pain was also frequently one of the main issues at Plaintiff's pain management appointments with the pain being described as, "pain radiates bilateral shoulders into bilateral arms, creating numbness/ tingling in bilateral hands." (Tr. 695, 699). Pain is noted as being aggravated by activity, walking, stairs, and standing for long periods of time. *Id*. Plaintiff's neck pain was further noted as "increasing over the last two years." (Tr. 703).

In his decision, the ALJ acknowledges Plaintiff's MRI findings, but states that the evidence "does not support including more restrictive flexion and manipulative restrictions" in the RFC. (Tr. 82). The ALJ then states that Plaintiff testified at the hearing that he plays video games for 40 minutes before he takes a break. *Id*. However, at the hearing the ALJ specifically asked Plaintiff whether he looks down at the controller when playing video games, to which Plaintiff responded that he is not able to look down and that his head is constantly directed towards the television when he plays because it is uncomfortable to look down. (Tr. 132). Plaintiff further stated that if he were to look down, he would feel a sharp pain at the top of his neck. *Id*.

The ALJ states that Plaintiff, "also reported he was 'constantly on the go helping others' indicating a capacity greater than alleged disability within less than twelve months of onset." (Tr. 83). However, this statement could mean "helping" in any way and is not conclusive evidence that Plaintiff is less physically limited than he alleges. As substantial evidence does not support the ALJ's RFC assessment, remand is required.

As this case is being remanded on the above issues, the Court will not address Plaintiff's argument concerning the Appeals Council's ruling regarding Plaintiff's September 2020 hospital

8

records.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby REVERSED AND REMANDED for further proceedings consistent with this Opinion.

Entered: May 19, 2022.

s/ William C. Lee
William C. Lee, Judge
United States District Court
